IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CARL STEVENSON**, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 05 C 1448 |
| **UNITED STATES**, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner Carl Stevenson is a mentally retarded African American man. In 1998, Mr. Stevenson was convicted of drug charges relating to a gang conspiracy to distribute crack cocaine run out of the Lathrop Homes, a public housing project in Chicago, Illinois. The conspiracy was run by a gang called the Project Kings, a subgroup of the Latin Kings. Mr. Stevenson and 20 other defendants were arrested in July 1997 and charged with various drug crimes. After a jury trial, Mr. Stevenson was convicted of conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846; use of persons under age 18 in violation of § 861(a)(2); and distribution of a controlled substance, in violation of § 841(a)(1). Mr. Stevenson was sentenced on March 16, 2001. *See United States v. Stevenson*, 135 F. Supp. 2d 878 (N.D. Ill. 2001). Mr. Stevenson appealed to the Seventh Circuit, which affirmed his conviction, *see United States v. Hernandez*, 330 F.3d 964 (7th Cir. 2003), and his petition for

certiorari to the Supreme Court was denied in 2004. *Stevenson v. United States*, 541 U.S. 904 (2004).

Mr. Stevenson moves to vacate, set aside, or amend his sentence, pursuant to 28 U.S.C. § 2255. Mr. Stevenson argues that his trial and appellate counsel provided him with constitutionally insufficient assistance in three ways: (1) failure to investigate or present a diminished capacity defense; (2) failure to raise an argument under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (3) failure to suppress a statement given by Mr. Stevenson to law enforcement officers. Mr. Stevenson also argues that his sentence was unconstitutional, pursuant to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

I address Mr. Stevenson's last argument first. Mr. Stevenson argues that his sentence violates his rights under the Due Process Clause and the Sixth Amendment, according to the decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). Mr. Stevenson argues that the amount of controlled substance charged to him was not charged in his indictment nor found beyond a reasonable doubt by a jury. The Seventh Circuit has held, however, that *Booker* is not applicable on collateral review of any judgment that became final before the release of that decision on January 12, 2005. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Mr. Stevenson's judgment became final before that date, when his petition to the Supreme Court was denied in March 2004.

2

The government argues that Mr. Stevenson's other arguments are waived, as he did not raise them in his direct appeal. However, the issue of ineffective assistance of counsel is properly raised in a § 2255 petition. *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996). To prevail on any of his claims of ineffective assistance of trial counsel, Mr. Stevenson must show (1) that his counsel's performance was constitutionally deficient, and (2) that the deficient performance prejudiced him with regard to the outcome of trial. *McCleese*, 75 F.3d at 1179 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Counsel's performance must be evaluated from the point of view at the time of the decisions, and must be given a heavy presumption of competence. *United States v. Hall*, 212 F.3d 1016, 1021 (7th Cir. 2000).

Mr. Stevenson first argues that his counsel was deficient for failing to investigate or present a diminished capacity defense, based on Mr. Stevenson's statements about his mental retardation. The issue of Mr. Stevenson's mental capacity - and the potential effect on a jury - was raised in a post-trial motion for a downward departure at sentencing and for a new trial. Mr. Stevenson's attorney (who was not his attorney at trial) argued that the diminished capacity of Mr. Stevenson prevented him from having the requisite specific intent required for the conspiracy conviction. After consideration of several expert reports on Mr. Stevenson's mental capacity, as well as my observations at trial and at the

3

post-trial hearing, I held that I did not believe that evidence relating to Mr. Stevenson's mental capacity, if presented to a jury, would have resulted in his acquittal. Mr. Stevenson's trial counsel cannot be said to have performed in a constitutionally deficient way by not presenting this defense.

Mr. Stevenson next argues that his counsel was deficient for failing to raise an argument under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) on appeal. The government argues that an *Apprendi* challenge was made by Mr. Stevenson's co-defendants on appeal, and it was rejected. *Hernandez*, 330 F.3d at 979-82. The Seventh Circuit noted that *Apprendi* did not apply when a defendant's sentence did not exceed the prescribed statutory maximum. *Id.* at 980. Therefore, *Apprendi* did not apply in the case of Mr. Stevenson's co-defendants, who were sentenced to less than the statutory maximum prescribed by § 841(b)(1)(C), which does not require the finding of any drug quantity.

Mr. Stevenson was sentenced to 292 months of incarceration, which is less than the maximum sentence of 30 years set forth by § 841(b)(1)(C) for a person with a felony drug conviction, which Mr. Stevenson had. *Apprendi* is therefore in applicable.

Finally, Mr. Stevenson argues that his counsel was deficient for failing to move for suppression of a statement Mr. Stevenson gave to law enforcement shortly after his arrest. According to Mr. Stevenson, he was not read his *Miranda* rights prior to being

4

interrogated. Mr. Stevenson further states that a law enforcement agent by the name of Jenning held herself out as Mr. Stevenson's attorney, and advised him that he should talk with the law enforcement agents. Mr. Stevenson states that this interrogation, which resulted in his statement, occurred after he had been held in custody for more than eight hours. If true, these circumstances, combined with Mr. Stevenson's diminished mental capacity, suggest that counsel might have been able to suppress the statement. Mr. Stevenson states that without his statement, the evidence specifically against him was sufficiently weak that he would not have been convicted.

The government argues that even without the statement, Mr. Stevenson would have been convicted based on the "overwhelming evidence" as to his guilt. I agree. I have reviewed the evidence against Mr. Stevenson, cited in the government's supplemental response (filed in response to my order of October 6, 2005). There can be no doubt that Mr. Stevenson would have been convicted without introduction of his statement.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated:    June 29, 2007

5